Argued and submitted June 9, affirmed July 27, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEREK ALLAN OFENHAM,
*Defendant-Appellant.*

Lane County Circuit Court
200520281; A141538

260 P3d 722

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ORTEGA, P. J.

### ORTEGA, P. J.

Defendant appeals from a judgment of conviction of murder. He contends that the trial court erred by denying his motion to suppress evidence of statements that he made to police in interviews following a polygraph test. On appeal, defendant's central argument is that police should have readvised him of his *Miranda* rights before interviewing him. Concluding that that argument is not preserved, we affirm.

Our decision on the preservation issue requires some detailed discussion of the factual background because of procedural complexities arising from an error by defendant's trial counsel regarding defendant's trial by stipulated facts. That error led to a post-conviction relief proceeding that enabled defendant to bring this appeal, and the scope of relief provided in that proceeding affects our analysis of the preservation issue.

In the early stages of this case, defendant filed a motion to suppress incriminating statements that he made to the police on the basis of (1) discovery violations by the state, (2) lack of warning to defendant that his statements were being recorded, and (3) a continuing lack of discovery of materials in the possession of the police and not provided to the defense. At the hearing on defendant's motion to suppress, police officers testified to the following. Detectives contacted defendant at his workplace in the afternoon a few days after the murder. After speaking with defendant there, they asked him to talk with them at the police station, and he agreed to do so. At the station, defendant agreed to take a polygraph test. A police officer read *Miranda* warnings to defendant, had him sign a form acknowledging his rights, and then administered a polygraph test. Afterward, a detective told defendant that the next interview would be recorded and, after the polygraph equipment had been removed from the interview room, interviewed defendant.

The interview lasted about three and a half hours, and defendant eventually confessed to killing the victim. Neither of the detectives who conducted the interview, Braziel and Donaca, gave defendant *Miranda* warnings again during that interview. After defendant admitted to murdering the

victim, defendant received a call on his cell phone, and Donaca took the phone, which was never answered. Defendant never indicated that he wanted to take the call, that he wanted to stop talking with police, that he wanted a lawyer, or that he wanted to call anyone—although later, around the time that he was lodged in jail, he asked someone to call his mother and tell her what was happening.

Defendant testified at the hearing on his motion to suppress and gave a different account than the detectives. According to defendant, the officer who administered the polygraph test did not read him the *Miranda* warnings but simply gave him a form to sign. Then, after the polygraph test and just before the interview, Braziel accused defendant of involvement in the murder. Defendant responded that he needed a lawyer, and Braziel replied that he had already signed the waiver. Defendant did not request a lawyer again during the interview, because Braziel had told him that he could not have one.

In keeping with defendant's testimony about events, defense counsel argued at the conclusion of the hearing that defendant's account was credible, that defendant was denied access to an attorney when he requested one, and that defendant was in custody during the interview. Importantly for purposes of this appeal, counsel did not argue that defendant should have been advised of his *Miranda* rights during the interview.

The trial court disbelieved defendant and found that defendant had been given *Miranda* warnings before the polygraph test and that defendant did not tell Braziel that he wanted a lawyer. The court denied defendant's motion. Defense counsel then asked the court to make findings about whether police had told defendant that the interview would be recorded. The court found, consistently with Braziel's testimony, that defendant was so advised.

Defendant ultimately stipulated that the state could prove beyond a reasonable doubt that defendant had caused the death of the victim by shooting the victim with a firearm. Although defendant's "Petition To Consent to be Found Guilty by Stipulated Facts Trial" stated that he knew he could appeal the pretrial rulings in the case, the stipulated

facts contained no reference to his confession or other portions of the record on the motion to suppress.

Defendant later sought post-conviction relief.[1] In his amended petition, he alleged that he was denied adequate assistance of counsel because his trial counsel

"failed to preserve the denied motion to suppress for appellate review in violation of the Fifth and Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution. The primary purpose of the stipulated facts trial was to preserve the denied motion to suppress for appellate review[;] no adequate attorney using a reasonable degree of care and skill would have failed to preserve the denial of the motion for appellate review and the failure to preserve the denial of the motion cannot be attributed to a tactical decision."

Regarding the preservation of the motion to suppress, defendant stated in an affidavit:

"My trial counsel failed to preserve the issue of the motion to suppress for appeal. During the stipulated facts trial he did not reference, nor make a part of the record, the prior hearing on the motion to suppress. As a result, I cannot appeal the motion to suppress.

"* * * * *

"The sole reason for the jury waiver and the stipulated facts trial was to have the denial of the motion to suppress decided by the Court of Appeals. No lawyer in the exercise of reasonable skill and judgment would have failed to preserve the sole reason for the stipulated facts trial."

The state agreed with defendant's position that trial counsel had failed to preserve for appellate review the issues raised in the motion to suppress and that the proper remedy was a new direct appeal. In a trial memorandum, the state argued that defendant had received adequate assistance on other issues, but not as to the preservation of issues raised by the motion to suppress:

"Unfortunately, it appears that the stipulated facts trial did not sufficiently reference the evidence that was allowed

---

[1] Defendant was the petitioner in the post-conviction proceeding. For clarity, however, we refer to him as defendant because that is his role in this appeal.

in by the ruling on the Motion to Suppress. [Defendant] was informed by his appellate attorneys that the appeal issues were not preserved and did not file an appeal. This is accurate. The stipulated facts trial made no reference to the Motion to Suppress and made a conclusory statement that the prosecution could prove [defendant's] guilt beyond a reasonable doubt rather than identifying the evidence that would be necessary to do so. Therefore, the issues raised by the Motion to Suppress were not preserved for appeal.

"Given the fact that the 'primary purpose of the stipulated facts trial was to preserve the denied motion to suppress for appellate review,' and it was [defendant's] preference to make that appeal at that time rather than pursue a jury trial, the appropriate remedy for trial counsel's failure to preserve the issues is to allow [defendant] the opportunity to appeal those issues. [The state] submits to the court that [defendant] should be granted the opportunity to make a direct appeal of the rulings of the trial court that he claims were erroneous."

(Footnotes omitted.)

Defendant also asserted, among other things, claims of police misconduct. His claims for relief, consistently with his testimony at the hearing on his motion to suppress, included that he had requested counsel and that police refused to obtain counsel and continued to question him (second claim for relief); that police denied him his right to communicate by taking away his cell phone (third claim for relief); and that police violated his *Brady* rights by failing to preserve the portion of his interrogation in which he requested counsel (ninth claim for relief). In its trial memorandum, the state argued that defendant could have asserted those issues on direct appeal. The state acknowledged, however, that trial counsel's error resulted in

"the non-preservation of the issues raised during the Motion to Suppress hearing, which also happen to be the issues referred to in [defendant's] Second, Third, and Ninth Claims for Relief. Because [defendant] could not raise the issues on direct appeal due to trial counsel's error, [the state] submits that the proper remedy is to allow [defendant] a direct appeal on those suppression issues at this time."

In light of defendant's inability to appeal the denial of his motion to suppress, defendant and the state agreed that he should be granted a new direct appeal "to the extent that he is allowed to contest the court's denial of [defendant's] pre-trial Motion to Suppress through a review of the issues raised in that Motion to Suppress and the hearing on the Motion to Suppress." In accordance with the stipulation, the post-conviction court entered a judgment that provided:

"1.   [Defendant] shall be entitled to a new direct appeal from the Lane County case of *State of Oregon v. Derek Allan Ofenham*, Lane County Case Number 20-05-202891.

"2.   Considering on the appeal the record shall include the transcript made at the motion hearing held March 23, 2006 and any exhibits received. The tape recording made of the police interrogation reviewed by the trial court shall be included in the record on appeal. The evidence [defendant] sought to suppress at the motion hearing shall be treated as though it had been properly included in the stipulated facts trial, as part of the record for appeal.

"3.   [Defendant] may * * * argue issues arising from that March 23, 2006 hearing [on defendant's motion to suppress] without a requirement of preservation in the trial court. Specifically included for direct review are issues involving police misconduct and the [defendant's] right to communicate under the State and federal constitutions.

"4.   [Defendant's] other claims contained within [defendant's] First Amended Petition for Post Conviction Relief are dismissed with prejudice."

In this appeal, defendant argues that he should have been readvised of his rights before the interview because a reasonable person could have believed that his rights had changed since they were originally given, that is, before the polygraph test. The state responds, in part, that defendant failed to preserve that argument and that the post-conviction judgment does not allow him to raise new theories that were not presented in the motion to suppress. In the state's view, the post-conviction judgment's provision that defendant could argue "issues arising from that March 23, 2006 hearing without a requirement of preservation in the trial court" refers to the parties' understanding that "this court should assume that the trial court actually considered defendant's

confession as a basis for its determination of guilt." Defendant replies that his present argument is encompassed in the post-conviction judgment because an argument that defendant was not properly advised of his rights is a claim of "police misconduct" and because the judgment waives the requirement of preservation. Finally, defendant contends that he, in fact, did adequately preserve his present claim of error by arguing to the trial court that he was in custody and thus entitled to *Miranda* warnings.

We conclude that defendant's argument that he should have been readvised of his *Miranda* rights was not raised in the trial court and that the post-conviction judgment does not allow defendant to raise that new argument for the first time in this appeal. The argument that defendant should have been readvised of his *Miranda* rights before the interview in which he confessed simply was not made in the trial court. Instead, until this appeal, defendant consistently took the position that the trial court should have granted his motion to suppress because defendant asked for and was denied an attorney, because he was not advised that the interview was being recorded, and because police denied him the right to communicate. Although defendant asserted in support of those arguments that he was in police custody, those arguments are significantly different from the argument that, under the totality of the circumstances, a reasonable person could have believed that his rights had changed since the initial advisement of rights (here, the advisement of rights that preceded the polygraph test). *See State v. Field*, 231 Or App 115, 121, 218 P3d 551 (2009) (stating the test for when a defendant must be readvised of his rights). Defendant did not preserve in the trial court the claim of error that he now asserts.

The remaining question is whether defendant nevertheless is entitled to assert that claim of error as a result of the post-conviction judgment—specifically, the judgment's provision that defendant may argue "issues arising from that March 23, 2006 hearing without a requirement of preservation in the trial court. Specifically included for direct review are issues involving police misconduct and the petitioner's

right to communicate under the State and federal constitutions." In the context of the parties' arguments in the post-conviction court and the preceding paragraph of the judgment—allowing the evidence that defendant had sought to suppress to be "treated as though it had been properly included in the stipulated facts trial, as part of the record for appeal"—we do not understand the post-conviction court to have intended to waive *all* requirements of preservation. Rather, the parties and the post-conviction court intended to enable defendant, despite the error concerning the record on the stipulated facts trial, to appeal the issues that he had raised in the hearing on the motion to suppress. The parties consistently referred to that error as the "preservation" issue; correction of that error was the relief that defendant obtained in the post-conviction court. The post-conviction judgment does not allow defendant, in this appeal, to make entirely new arguments on the motion to suppress.

Affirmed.